UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 26-04417-KK-AYPx** | Date: | April 28, 2026 |
|---|---|---|---|

| Title: | ***Miriam Maldonado v. Lona Nails and Spa INC et al.*** |
|---|---|

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) ORDER TO SHOW CAUSE Regarding Article III Standing**

Plaintiff Miriam Maldonado ("Plaintiff") commenced this action against defendants Lona Nails and Spa Inc. and Nancy L. Downs ("Defendants"), asserting violations of the Americans with Disabilities Act ("ADA") and state laws due to accessibility barriers. ECF Docket No. ("Dkt.") 1, Complaint ("Compl."). Plaintiff requests monetary relief as well as injunctive relief under the ADA. Id. at 12. Based upon the threadbare and boilerplate allegations set forth in the Complaint, it does not appear Plaintiff has constitutional standing to seek injunctive relief under the ADA. See Moore v. Harper, 600 U.S. 1, 14 (2023) ("Before turning to the merits, [a court] must determine as a threshold matter that [it] ha[s] jurisdiction." (citation modified)).

"To obtain forward-looking relief, [a] plaintiff[] must establish a substantial risk of future injury that is traceable to the [defendant] and likely to be redressed by an injunction against them." Murthy v. Missouri, 603 U.S. 43, 69 (2024). There must be "a real and immediate threat of repeated injury." Id. at 58 (citation modified). An ADA plaintiff meets this standard "by either (1) showing that they are currently deterred from returning to the place of public accommodation because of a barrier, or (2) showing that they were previously deterred and intend to return to the non-compliant place of public accommodation." Langer v. Kiser, 57 F.4th 1085, 1093 (9th Cir. 2023) (citing Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 944 (9th Cir. 2011) (en banc)), cert. denied, 144 S. Ct. 823 (2024), reh'g denied, 144 S. Ct. 1132 (2024).

Here, Plaintiff has not plausibly alleged the "real and immediate threat of repeated injury" necessary to sue for injunctive relief. Murthy, 603 U.S. at 58 (citation modified). Rather, Plaintiff offers only a threadbare allegation that she attempted to enter a place of business and "wishes to return and patronize the [b]usiness." Compl. ¶¶ 12, 14.

This boilerplate allegation does not suffice.  Moreover, nothing in the record establishes the proximity of Plaintiff's residence to the business, the regularity of Plaintiff's visits to that area, or an explanation of why Plaintiff prefers this accommodation over other comparable locations.  See Chapman v. Pismo Food Store, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to demonstrate an intent to return to the store. Chapman failed to establish any regularity in his visits to Pismo Beach, where the store is located, and likewise failed to present sufficient evidence of more than a vague desire to return to the store." (citation modified)); cf. D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1037 (9th Cir. 2008) (discussing cases where plaintiffs established standing).  Nor does Plaintiff sufficiently show that the barriers allegedly deterring them "pose a real and immediate threat to [] due to [their] particular disability."  Pier 1 Imports (U.S.) Inc., 631 F.3d at 953.  Put simply, Plaintiff's alleged intent to return to Defendants' business establishment is not genuine and is simply conclusory.  See, e.g., id. ("[Plaintiff] lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine."); Feezor v. Sears, Roebuck & Co., 608 F. App'x 476, 477 (9th Cir. 2015) ("A plaintiff's 'profession of an "inten[t]" to return to the places [he] had visited before' is not sufficient to establish standing because '[s]uch "some day" intentions— without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.'" (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992))); Strojnik v. Pasadena Robles Acquisition, LLC, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming dismissal of ADA action for lack of standing based on plaintiff's failure to adequately "demonstrate an intent to return . . . or that he was deterred").

Plaintiff is, therefore, **ORDERED TO SHOW CAUSE at an in-person hearing** why the Court should not dismiss their ADA claim without prejudice for lack of standing.  See Murthy, 603 U.S. at 76 (disposing of case for lack of standing).  **Plaintiff shall appear before the Court for a hearing on Thursday, May 7, 20226, at 9:30 a.m. in Courtroom 3 on the 3rd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse, located at 3470 Twelfth Street, Riverside, California 92501**.  At the hearing, Plaintiff shall identify the specific facts establishing Article III standing.

**Plaintiff is expressly warned that failure to comply with this Order will result in this action being dismissed for failure to prosecute and comply with Court orders.**  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.